# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>    Petitioner,<br><br>    v.<br><br>T. TAYLOR,<br><br>    Respondent. | Case No. 1:24-cv-01369-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"), serving a sentence imposed by the United States District Court for the Southern District of Florida. (ECF No. 1 at 1.[1]) On January 24, 2024, an incident report was issued for possessing a hazardous tool, in violation of BOP Disciplinary Code 108. (ECF No. 8-1 at 3, 20.) On February 13, 2024, a Disciplinary Hearing Officer ("DHO") held a hearing and found Petitioner guilty of the charge. (ECF No. 8-1 at 4, 24–27.) The DHO report was issued on July 15, 2024. (Id. at 27)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On November 7, 2024, Petitioner filed the instant petition for writ of habeas corpus, asserting the following claims for relief: (1) the falsification of Petitioner's signature by Unit Discipline Committee ("UDC") personnel on documentation; (2) the UDC's failure to properly investigate the charge; and (3) the failure to provide Petitioner with a copy of the DHO report. (ECF No. 1 at 6.) On January 17, 2025, Respondent filed a motion to dismiss the petition. (ECF No. 8.) To date, Petitioner has not filed an opposition or statement of nonopposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Due Process Protections in Prison Disciplinary Proceedings

"The Supreme Court established in Wolff v. McDonnell that there are procedural due process rights that a prisoner must be afforded in the context of a prison disciplinary proceeding prior to being deprived of a protected liberty interest." Melnik v. Dzurenda, 14 F.4th 981, 985 (9th Cir. 2021). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

///

///

**B. Claims Regarding the UDC**

In his first two claims for relief, Petitioner asserts various deficiencies with respect to the UDC process. (ECF No. 1 at 6.) However, as the UDC process[2] cannot be used to revoke an inmate's good conduct credit, 28 C.F.R. §§ 541.7(f),[3] there is no deprivation of a protected liberty interest and Petitioner fails to state a cognizable due process claim. See Brennan v. United States, 646 F. App'x 662, 667 (10th Cir. 2016) ("[T]here was no due process violation because UDC hearings may not be used to revoke an inmate's good-time credit," and "*Wolff* due process requirements do not apply to UDC hearings."); Barbour v. Matevousian, No. 1:17-cv-00965-JLT (HC), 2018 WL 1941640, at *3 (E.D. Cal. Apr. 25, 2018) ("The UDC hearing is irrelevant on federal habeas review.").

**C. Alleged Failure to Provide Petitioner with a Copy of the DHO Report**

In his third claim for relief, Petitioner alleges that staff failed to provide him a copy of the DHO report and thus he was "limited [in defending] himself against fraudulent incident report." (ECF No. 1 at 6.) The DHO report itself has a notation that the report was delivered to Petitioner on July 15, 2024, at 12:16 p.m. (ECF No. 8-1 at 27.) In its denial of relief, dated July 23, 2024, the Western Regional Office stated, "We have taken the liberty to provide you with a copy of your DHO Report." (ECF No. 1 at 14; ECF No. 8-1 at 189.) Petitioner has submitted a copy of an administrative appeal in which he complains of not receiving the DHO report, but that appeal is dated March 28, 2024, which predates the completion of the DHO report.

Although Petitioner alleges that staff failed to provide him a copy of the DHO report, the undisputed[4] record before this Court is that Petitioner was provided a copy of the DHO report on July 15, 2024, and July 23, 2024. (ECF No. 8-1 at 18, 27.) It appears that Petitioner's complaint

---

[2] "The discipline process starts when staff witness or reasonably believe that [the inmate] committed a prohibited act. A staff member will issue [the inmate] an incident report describing the incident and the prohibited act(s) [the inmate is] charged with committing." 28 C.F.R. § 541.5(a). After the inmate receives an incident report, a staff member will investigate it. 28 C.F.R. § 541.5(b). "A Unit Discipline Committee (UDC) will review the incident report once the staff investigation is complete." 28 C.F.R. § 541.7. The UDC may refer the incident report to "the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged." 28 C.F.R. § 541.7 (a)(3).

[3] "If you committed a prohibited act or prohibited acts, the UDC can impose any of the available sanctions in Tables 1 and 2 of § 541.3, except loss of good conduct time credit, FSA Time Credits, disciplinary segregation, or monetary fines." 28 C.F.R. § 541.7(f).

[4] As noted above, Petitioner failed to respond to the motion to dismiss in any way.

1 is that he was not provided a copy of the DHO report within the fifteen workday period provided
2 for in BOP Program Statement 5270.09. However, a prisoner's "right to due process [i]s violated
3 only if he was not provided with process sufficient to meet the Wolff standard," and due process
4 does not "require[ ] the prison to comply with its own, more generous procedures." Walker v.
5 Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner,
6 515 U.S. 472 (1995). "A habeas claim cannot be sustained based solely upon the BOP's
7 purported violation of its own program statement because noncompliance with a BOP program
8 statement is not a violation of federal law." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir.
9 2011). Accordingly, the Court finds that Petitioner fails to state a cognizable due process claim
10 with respect to the delay in providing him with a copy of the DHO report. See Proctor v.
11 Warden, FCI Mendota, No. 24-7137, 2025 WL 618746, at *1 (9th Cir. Feb. 26, 2025) ("Proctor
12 contends that his procedural due process rights were violated by the failure of the Bureau of
13 Prisons ("BOP") to provide him with the Disciplinary Hearing Officer's report within the
14 timeframe specified by a BOP program statement. However, as the district court correctly
15 concluded, the alleged failure to comply with a deadline imposed by a BOP program statement is
16 not a cognizable claim for § 2241 habeas relief.").

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any**

4

**exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge