UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKNER BLANC,<br><br>    Petitioner,<br><br>    v.<br><br>T. TAYLOR,<br><br>    Respondent. | No. 1:24-cv-01369-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 8, 10 |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2025, the assigned magistrate judge issued findings and recommendations that recommended granting respondent's motion to dismiss and dismissing the petition. Doc. 10. The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty days after service. To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court holds the findings

1

1  and recommendations to be supported by the record and proper analysis.[1]

2       In the event a notice of appeal is filed, a certificate of appealability will not be required
3  because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,
4  not a final order in a habeas proceeding in which the detention complained of arises out of
5  process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997);
6  *see Ojo v. INS*, 106 F.3d 680, 681–82 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th
7  Cir. 1996).  Accordingly:

8       1. The findings and recommendations issued on April 22, 2025, Doc. 10, are ADOPTED
9          in full;
10      2. Respondent's motion to dismiss, Doc. 8, is GRANTED;
11      3. The petition for writ of habeas corpus is DISMISSED; and
12      4. The Clerk of Court is directed to close the case.

15  IT IS SO ORDERED.

16      Dated:    June 19, 2025
                                                _____
17                                              UNITED STATES DISTRICT JUDGE

---

[1] The findings and recommendations correctly construed the third claim as alleging only that petitioner had not been provided the DHO report within the fifteen day-period provided for in BOP Program Statement 5270.09.  Doc. 10 at 3–4; *see* Doc. 1 at 2, 6 (petitioner alleged throughout the petition that the prison failed to provide the DHO report "within the time required by law" and "on time").  And given that a "habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law," *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011), the findings and recommendations correctly concluded that the third claim should be dismissed.